24-10827 and 24-10992, Tallahassee Bail Fund v. Clerk of the Circuit Court and Comptroller for Leon County, Kevin Golombieski v. Attorney General of Florida and the Leon County Clerk. This Court should reverse for lack of third party standing. Third party standing is a narrow exception to the prudential bar on asserting third party's rights, which applies only when it's necessary to protect that third party's rights. I speak only for myself. As an abstract matter, I think your position on third party standing is right. But the Supreme Court has spilled a lot of ink on it, and if you're talking about Craig B. Boren, that is like, whoa, you allowed basically a bar owner to assert third party standing on behalf of kids in college who couldn't buy 3% beer, and if the Senate in that case told the majority, you guys are out of your minds in allowing the third party standing doctrine to be subverted in this way for such a ridiculous claim that these students could mount on their own. So in light of Craig, tell me how your third party's standing argument has merit. A couple of responses, Your Honor. So first, Kowalski, I think Kowalski and Powers kind of reined in third party standing and established this two part test of a close relationship in a hindrance. Craig predated that. I don't think that's consistent with Craig B. Boren. Why don't we? When Craig, even if it did apply the hindrance requirement, Your Honor, there you had this concrete situation where there were 18 to 20 year old males that were plaintiffs in the case and their cases got mooted out because they aged out and they were 21, 22. So there was. They faced this real concrete hindrance where the bail fund says mootness is an issue in this case, too, like in a Craig or Singleton, but in Florida state courts all the time, even if a bail challenge is moot and we cite several cases in our brief, appellate courts can hear that case and there's an expeditious process for resolving bail challenges. So I think on hindrance, this case is different in kind, even if you assume Craig addressed hindrance. And I got a second reason, too, Your Honor. So on Craig, this case is fundamentally different than Craig and Singleton in those cases because there the regulation was imposed only on the beer vendors. And so the beer vendors were the least awkward challenger. It wasn't. The regulation wasn't enforced against those 18 to 20 year olds. Here, this law is enforced against both the fund and criminal defendants. The criminal defendants are the ones who the bail fund says are subject to this unconstitutional bail condition. To put it precisely, if the bail fund doesn't have third party standing, then that means that the criminal defendants themselves, I take it, could make that challenge, right? How would they do that? What precisely would be the avenue of relief? Yes, Your Honor. So in the criminal proceedings, when their bond is set, they can bring a challenge and say, my bond conditions are unconstitutional because they include this part from 903-286. And if the trial court denies that challenge, they can immediately seek habeas relief from a district court of appeal. Here's the problem. No criminal defendant and no lawyer representing a criminal defendant worth his or her salt is ever going to make that argument. Because by having the bail fund's money taken, it means that they are not going to be on the hook personally for any of those fines, costs, payments, etc. They have no incentive to litigate that constitutional claim. A person gets hit with a thousand dollars in fines, fees, costs, etc. The person is indigent, can't pay them. There was a fifteen hundred dollar bond put up by the Tallahassee Bail Fund, right? Yes, you're right. And there's no third party standing that the Tallahassee Bail Fund can assert here. That group would expect that criminal defendant to stand up in court and say, judge, even though the application of the statute would absolve me of any direct payment for any of these costs, fees, fines, etc., I want you to hold that statute unconstitutional so that you can make me personally pay. That's really what I want. I don't want to be let off the hook. I want to be subject to financial pain by having to pay this. So please give them back their money so that I have this burden that sticks on me. And you will argue that there's no injury. Well, I agree with you. That wouldn't say there's no Article 3 injury for that criminal defendant, because if this statute remains in effect, that criminal defendant is not harmed in any way because it's not his money. I agree in that circumstance, it wouldn't make a whole lot of sense to bring a child. But so, for instance, your honor, if the bail fund or a family friend or a friend came to a criminal defendant and said, I'm willing to bond you out, but I'm worried about my money being withheld post adjudication, I want you to bring this challenge. The criminal defendant would have all the incentive in the world. And in fact, your honor, your honor, if you're worried about hypotheticals that the district court may have improperly engaged in to reach the merits in the Tallahassee Bail Fund's favor, that's just as bad. I disagree, though, your honor, because the bail fund approaches and this is in the record, the criminal public defenders and they say, can you move to reduce the bond? That'll make it easier for us to intervene in the case. And the public defenders do it. This is no different. It's the bail fund asking for them to bring a challenge that reduces their purported barrier to helping out the defendant. There's also another circumstance, at least two other circumstances, where defendants have ample incentive. Tell me how a criminal defendant in a Tallahassee Bail Fund case is injured by the application of the statute to take the fund's money, to pay the cost, etc. How the defendant is injured? Well, if the bail fund is saying that we want you to challenge this so that. And the defendant says, not doing it, not going to go against my own interest. And the public defender says, listen, I've got a loyalty to my client. You put up the money for bail. Good for you. Thank you. But I'm not going to go against his interest by telling the court to strike down a statute that would give my client a financial benefit. I guess I disagree, though, that the question is simply whether a defendant that has a relationship with the Tallahassee Bail Fund faces a hindrance because there is a hindrance, a different point. I'm asking about your answer to Oregon's question that a criminal defendant would be the right person to sue. And I'm asking you how that person would be injured by the application of the statute to him or her in a Tallahassee Bail Fund case. So they wouldn't need an injury, Your Honor, because they could just challenge it through their criminal proceedings. In Florida State Court, if this is an unconstitutional bail condition, they can bring that challenge. Period. It's different. They could only bring it at the end of the case. I disagree, Your Honor. If they are saying that my bond is subject to an unconstitutional bail condition, they can bring a challenge at any time in their criminal proceeding. Pre-judgment. They could bring this challenge. And if the trial court says, I disagree that it's a that it's an eighth amendment problem, they can then take a habeas petition up to the District Court of Appeal because Florida State Courts don't have the same Article 3 requirements, particularly in the criminal defense posture. So let's move on to the merits. This stuff has happened a lot according to the district court's factual findings before. Where the Tallahassee Bail Fund puts up a certain amount of money for a person who otherwise couldn't bond out and then the statute is applied to it. And part of that money is taken to satisfy court fees, costs, fines, etc. If past is prologue, why isn't that a good indication of what's going to happen in the future if everything happens the same way that it happened in the past? Well, you had that past is prologue language in the JW dissent, but the majority disagreed because you got to have some evidence of specific forward looking. I mean, they're going to continue putting up money. The statute will continue to be applied. It seems like they're going to get cut out of their money. Just briefly to piggyback and then you can respond. I mean, it seems like you're fundamentally making some kind of like Lyons versus Los argument, like this sort of harm in the past doesn't necessarily mean harm in the future. But the Lyons court said, look, it'd be different if the LAPD had a choke every motorist you pull over policy. And I think Judge Jordan's point is, of course, it's past prologue here because there's a statute that says this is how it's going to operate. How much more like how much more firm the policy could be. Our principal contention is that they haven't established eminence. So we know maybe we assume that at some point there's going to be a withholding. But based on the record, their testimony from their officials have said it's hard to estimate when a case will close, even when everything goes right. We don't get our money back for a long time. There was a there was a time period where only two withholdings occurred in a year and a half. And so our point is just when you add all that up, it's speculative when any one criminal case will end and there'll be a withholding. And at most, they show on average, they bond out one to two people a month. And so we're having to kind of guess in the future about when. If it's one to two people a month, let's take the lower number. So that's 12 a year out of that 12 a year. I thought it was a percentage of over 50 percent where the statute was applied. Am I wrong about that? That's correct, Your Honor. OK, well, that means it's going to be 12 in 25 and it's going to be 12 in 26. And in half of those cases, they're going to apply the statute to take a chunk of their money. I think our point is we don't know when and they could have corrected this by simply identifying a defendant who they would they're interested in bonding out and saying this is the case timeline that he was arraigned on this date. Here's a trial date. And then we at least have some reasonably fixed period. But even putting aside Article three standing and third party standing, we think that this statute doesn't pose any condition of bond. And so Rose is simply irrelevant. And the excessive bail clause is irrelevant. A condition of bond, if you assume third party standing, is the Rose case controlling? No, Your Honor. If we assume third party standing and the claims property before the Rose is distinguishable because that involved a condition of bond. And the condition is a requirement breach of which completely discharges the state from its duty to return the bond. And so in a case like Rose, if a criminal defendant fails to pay a fine that's just a thousand dollars, the state can forfeit the entire bond, even if it's a hundred thousand dollars. And the defendant could still be liable for the fine. Our law in Section 28 U.S.C. 2044, the federal counterpart, does nothing like that. All it does is say post conviction, the state can take up to the amount it's owed. So it lacks that key feature of a condition that it's a requirement subject to forfeiture. And the bail point doesn't really disagree with that. What they say is, well, this case is still like Rose because the statute is referenced in the bond form. And. As I understand fully, the basis for the ruling was that forfeiting the entire bond for some sort of breach that didn't affect the person's promise to appear was unconstitutional. Here, what a constitutional purpose is there to be served by making money from a bond when the person satisfied every condition of the bond? Well, I think that holding has to be limited to conditions because the Supreme Court said in Salerno that the only substantive limitation imposed by the excessive bail clause is on conditions of bail. So I think Rose. In Rose, there was a condition of bond. No, Your Honor. Well, what if the fund says we refuse to abide by any ex post exaction? Did they get the bond? If they sign it. So I think the problem with the fund's argument is they're essentially saying anything that's in the bond, any kind of notice becomes a condition because they have to sign the bond form. But they're not. Let me just answer my practical question. What if the fund says we're not paying any ex post exaction? Just so we're clear. We see the notice. We're not doing that. Can we please have the bond? And they and then they sign that form. They say that to the sheriff and then they sign the form part of the form and then they sign it. Well, I don't think that the sheriff would let them scratch out any part of the  It is that it cannot be a condition because a condition has a particular meaning in the bond context. OK, let's pull out a dictionary, call it whatever you want. What do you call it? It's a separate statutory requirement, just like 28 U.S.C. And it's a post perceived post conviction mechanism for withholding funds that the state would up. But you can call anything it can be. Any requirement can be called a condition and vice versa. But in the bond context, it's a very particular meaning. It's that the. Why does nomenclature matter when what you are doing under foley is taking part of the bond for a non bond purpose? It matters because the only substantive limitation that the excessive bail clause imposes on conditions of bail or bond in our law. So I guess another way to look at this, if an individual does not pay his fines or fees later, he can't have his bail revoked and he can't have his bond forfeited. So by definition, our requirement can't be a condition of bail or bond. It's just like 28 U.S.C. 2044, where just after conviction, the clerk can access those funds rather than having to let him go out the door and then suspending a defendant's driver's license to just make the state whole. That's wholly different than a condition which comes with the hammer or penalty of forfeiture. Why doesn't this apply to a bail bond agent? That's just a policy decision. What the policy basis is? Well, the bail bond agents. The bail bond agents had a better lobbyist. Oftentimes, those are differences, but there's also a practical reason. The bail bonds don't post cash money. They're sure it is. Sometimes, the predominant practice is they can post a certificate of surety and basically the state knows they're good for it. So they're not posting cash bonds. So it's less of a question with them. So the state can take part of the surety. This is all a scam. I don't think it's a scam at all, Your Honor. The state, so the state passed this. So you can apply it to an individual, so you can apply it to a relative, not just a fund, but you can apply it to a relative. And the mother posts a bond for her son, and then this statute is going to get applied to her. Her son complies with everything, is convicted, is adjudicated, has an outstanding fine, and you're going to take the mother's money. That that is a consequence of the law. Yes, Your Honor. But that's... In order to get to the merits, do you think that's constitutional under Foley? I think it's constitutional because that is not a bond condition, just like the Eighth and the Third Circuit held in Canestraro. This is just like the federal statute, the counterpart that just says, if there's unpaid fines and fees, the party with the superior claim to that cash on hand can take it. And that's the state, if there's the unpaid fines or fees. Before the state courts, they don't, this isn't a necessary outcome. The law also allows for defendants to move the court to convert their fines and fees to community service and avoid any kind of having to deal with these LFOs. In the record developed before the district court, that didn't happen a majority of the time. That didn't happen with their clients. It's certainly a mechanism that's out there. And so, so I think that this case is distinguishable from Rose because it does not impose a condition that is accompanied by forfeiture or revocation, even if the court were to get by third party standing. I'm way over. Thank you. Yeah, good afternoon. Benjamin Stevenson on behalf of the bail fund, may it please the court. I think maybe we'll just start immediately with the questions that the court has. Yeah, yeah. So let me. Here's the devil's advocate question. If my question to him had a semblance of being close to right and the criminal defendant has no interest in advocating for the fund getting its money back, where's the close relationship? Where's the close relationship where those interests are intertwined so that the fund has third party standing to assert their claims? There are two types of, I think it's a question of standing in time. So the district court said your current clients, for those who you've already submitted and deposited the cash, you don't have, that there is a conflict in interest because they have an interest and you, the bail fund paying the court costs and the bail fund has an interest in not paying it. So there's a problem here with close relationship there. That's for the current clients, people for whom they've already paid the cash. For a prospective client, their interests are aligned. They're aligned in this sense, that if the bail condition is removed and they're able to recoup the entire amount that they've deposited, if the criminal defendant shows up as required, then they get their money back. That's a win for the bail fund. And it's a win for the criminal defendant who has not yet posted bail. Who has not been released. It is, maybe. I mean, for some universe of criminal defendants, because I take it your position is we have more money, so now we can bail out more future people. I guess that's the idea, right? But if you're a specific criminal defendant in the future, wouldn't you want the bail fund to pay your costs like everybody else? Isn't it the same issue that Judge Walker had with the current clients? No, Your Honor. At trial, the bail fund testified to two specific people, Jeremiah Hall and Thomas Kelly. This is at the clerk's appendix on page 380. Those were two people that the bail fund had identified, that they were ready, willing, they've already vetted, they were going to bail these two people out tomorrow if and when, or if the district court had entered an injunction that day. They didn't bail them out. And the reason they didn't bail them out is because those two people had existing LFOs, court costs and fines. The bail fund knew that if we bail these people out, it's going to be lost money that will never be able to recoup. And so we're not going to bail these people out. The consequence was those two people were detained and deprived of their liberty. So they obviously would have been incentivized and on the same plan as the same vision as the bail fund, please change these conditions so that the bail fund will help us. Otherwise, we're going to be stuck in jail. Now, would the defendant get possibly a double, you know, obviously they want two things to happen. I'd like to be released and have the bail fund pay some of my court costs, sure. But that does not make a conflict of interest. There's still a closeness of relationship because both the bail fund and the person who's still in jail wanting release, but facing a condition of release where the third party depositor is going to be, their deposited cash will be extracted from them and thus deterring them from freeing the person in jail. There's a clear identity of interest there. Why wouldn't it be rather than relying on third party standing, which is a, you know, it's a tough issue. I mean, it's, as Judge Jordan points out, there's cases that can kind of say what you want them to say. Instead of doing that, why doesn't the fund just advocate for a criminal defendant in a criminal proceeding or bring an action on behalf of a person that would then clearly have standing and then get to the Rose issue and so forth? Why is it the bail fund that's the right advocate for this issue? I think one distinction between this case and Kowalski is that the bail fund are not attorneys. They've hired attorneys. So in Kowalski, the individual people, the litigants, the attorneys who said that they were harmed because their clients were not able to secure counsel on appeal, you're absolutely right. Well, the litigant could have represented the clients. In fact, they were advocating for the clients in a civil lawsuit. The bail fund's not an attorney. And so I don't think there's an obligation that a person who is affected, directly affected by the operation of the law and the bail fund is to figure out another way to challenge it when their interests are obviously injured individually. This may be some variation of Judge Corrigan's question. But so we all agree, I think, that Kowalski sort of tamps down on third party standing a little bit. But as you say, it leaves open this more forgiving path in a particular circumstance. But the court says, when the enforcement of the challenge restriction against the litigant would result indirectly in the violation of third party's rights, what is the violation of the third party's right here? Just so I can kind of like understand the decision tree. What is the right that's being violated? And how is it being violated by virtue of enforcement of this law against the bail fund?  Conditioning a person's release in a way that extracts a penalty on the third party depositor deters the third party depositor, the bail fund in this case, from freeing the person. But does the person, the pretrial detainee, does that person, that person, of course, has a right against excessive bail. But does that person have a right to be bailed out, run out by a third party? It just seems like there's a disconnect between the enforcement against you and the violation of their rights. I may be misunderstanding. Yeah, and maybe this would help. I'm thinking about Stack v. Boyles. That's a 1956 Supreme Court case. Well, but it stands for the idea, because I think sometimes we get too caught up in the actual language and we forget what this is all about. Excessive bail is not necessarily an end in and of itself necessarily. It's principally driven to ensure that the right to pretrial release is the norm. That is the goal. And so when you're affecting pretrial release, because a person, the bail fund is willing to help them, but they're worried that they're going to lose the deposited cash, and then they end up staying in jail, that's excessive bail. That is the right to pretrial release that has been denied. It just seems like what Kowalski is saying in leaving open this more forgiving path is that at the very least you have to have like a single sort of decision tree, a causal chain. And it seems like here we have like two different causal chains, one of which runs against you and leads to reduced funds for bond or whatever. But and one of which probably does run against the pretrial detainee and results in a violation perhaps of excessive bail. But I'm not sure that I see that those are the same decision tree. It feels like they're running in parallel to me. They're not going to lead, but it just seems like Kowalski is requiring something more than relatedness. I could be wrong. I think there are two ways to think of this. One way is the bail fund is not getting the money returned, relying on a revolving bail structure, model. Then they don't have money for the next person. That I think is one line. But another line, which I think is equally applicable here, is the deterrence factor. And I come back to the same two people that were discussed at trial. We're not going to enter into and help this person out, these two people out, Jeremiah Hall and Thomas Kelly, because we're going to lose our money. And because we're not helping them out, they're in jail. So I think, to follow up on Judge Newsom's questions, the first injury you identify is an injury to you, the fund, not to the detainee, right? Yes. The loss of your revolving revenue to continue to be able to put up money for other defendants in the future. I think it would run to both, but it certainly runs to us, yes. Because for third party standing, you first have to establish Article III standing on your own, right? Yes. And then be able to assert the rights of a third party.  So you're saying that the injury of the detainee that Judge Newsom was asking you about is, for future clients, the inability to get that bond? Yes. And remain in jail. Right. When the bond would be otherwise available. Yes. And just so I'm clear, and again, this may be remedial Eighth Amendment, but the detainees have a right, an Eighth Amendment right, to be bonded out by someone else? They have an Eighth Amendment right not to have conditions imposed that are unrelated to the sole permissive purpose of bail, which is assurance that the person will show up at trial. So here, given the language of the statute, I don't know how this cuts, but given the language of the statute, if a criminal defendant put up his or her own cash bond, the statute would be allowed to pay for her, right? Yes, Your Honor. So they're not a bail bond agent. Correct. So if a criminal defendant had $1,000 to put up his or her bond, and then is ordered to pay $500 in court fees, fines, costs, et cetera, when that person is adjudicated and the case is over, he or she is only getting $500 back? That's correct. And in my mind- How would you argue would violate Rose? Maybe I could answer it with a little more fuller. I think one consideration we keep on talking about is 2044. That's the federal, I mean, they say analog, but it's not an analog. And the reason why 2044 is not an analog to the Florida law is, 2044, the last sentence says, this doesn't apply to third parties. So if we're trying to figure out, this is a simple way of accounting. You owe $500, and you put up $500. We're just going to keep your $500 and call it even. Well, OK. But 2244 does not apply to third parties. And I think that is the critical distinction of why we are on all fours with Rose and very different than the Higgins, Church, Castanaro line of cases, all of which- Judge Gordon, Judge Gordon, I'm going to ask your opponent about the willingness or interest of a criminal defendant to actually mount their own challenge. And I'm interested in your thought. Does a criminal defendant, put the bill on the side for the moment, does a criminal defendant have an interest in seeing this statute declared unconstitutional? Yes. And why so? Obviously, if the statute is declared unconstitutional, they are going to be eligible for greater assistance. People in the jail are going to be bailed out more regularly because the third party depositors will not lose their money. So that brings me back to my original question was, I understand that the bail fund is not a lawyer, but you are. Why isn't the bail fund hiring you to represent a criminal defendant to get the law declared unconstitutional? We've identified several hindrances to criminal defendants mounting this charge. The first, obviously, is litigation costs. And overworked public defenders are not necessarily keen to do this work, especially when it's not looking good. Mootness, I know they talk about, well, in Florida, we have a slightly different standard on mootness. But the reality, the case to which they cite, the Rody case, adopts the federal standard, meaning that Rody only had standing. The case was only going forward because he had been arrested 30 times in the last three years. That's an unusual circumstance that would eliminate many people. I think this third way is in a First District Court of Appeal case in Florida by the name of Knight, the court was concerned about an idle gesture, meaning unless you have satisfied all the conditions that if and only if this would be workable, then we're not going to even review it. Are you trying to say, and maybe you are, I want to make sure I understand, are you trying to say it's actually easier for the bail fund to be in a position to challenge this statute than it would be for a criminal defendant to challenge this statute? Yes. Yes. Another consideration would be a joinder of parties problem. You would have a court saying to the clerk, you can't do this, but the clerk's not necessarily a party in that proceeding, in the criminal proceeding. Possible setup is person gets charged with a criminal offense. You, the fund, indicate that they would like to put up the money, but because the person has pre-existing obligations is not going to do that for fear that it's going to lose the money. The person, after having been charged, mounts a challenge to the statute. And the harm, he or she alleges, is the inability to get bail. Right? Yes. So, theoretically, that could happen. Theoretically, it could, but I wouldn't say that this is, you know, if you think about what Young Apartments said, it said difficult or genuine obstacle, not impossible. And so the standard that we're trying to hit when we talk about hindrance is that there's a genuine obstacle. And here, there is a genuine obstacle. Mutinous, you know, the criminal defendant, you know, securing the assistance of an attorney. Litigation costs, possible retaliation, that the state takes a different perspective on a plea offer if the criminal defendant's making such a fuss about bail. These are all legitimate hindrances for individual criminal defendants to bring the case. Can I ask one question about the excessive fines issue, which we haven't talked about at all? So just, and this can be quick, but do I understand correctly that, fundamentally, your position on excessive fines is that, pursuant to the statute, the clerk is going to deny you the ability to post bail unless you agree to pay your clients fines and costs, which would be unconstitutional because they're not yours? Yes. So I guess the only question I have, is your ability to post a bond for someone else, is that, in the Perry versus Sinderman kind of way, is that a valuable government benefit that would be subject to unconstitutional conditions analysis? It is. I would point the court to the Leary case out of the old Fifth Circuit. This is a case where they talked about, although you don't necessarily have a right to a supersedient bond on appeal, Mr. Leary was denied it. And so he's being shut out from accessing the bail system. And that's exactly what we're saying, that the clerk is conditioning our access to the bail system to helping people out on the surrendering of an Eighth Amendment right. And just to be clear, I don't remember Leary closely enough. I actually did read it yesterday, I'm embarrassed to admit, but I still don't remember the details. But so was Leary, in Leary, was the one posting the bond someone other than the defendant? It was not, no, it was Leary. So that's different, right? I mean, like, so isn't that different? I mean, the idea that a valuable government benefit in the Perry versus Sinderman kind of way is your ability to post a bond for someone else? Well, in the sense that historically, bonds and sureties were oftentimes third parties. And so cutting someone out of participation in the bail system is denying them an access or denying them access to a benefit, a government benefit. Thank you. Thank you very much. Thank you. Thank you, Your Honor. So I'd like to start with Judge Newsom's questioning about the causal connection here. This case does not involve a causal connection that we think is actually required under moderatority to even invoke third party standing. So enforcement against the bail now, the bail fund now, leads to the fund having less money. Future criminal defendants, then, may have less access to the bail fund's free cash bail. That has nothing to do with the terms or conditions of those defendants' bail. Regardless of how much money the fund has, they're going to have what is alleged as the unconstitutional condition, and they're going to have the bond amount set by the court. There is no connection. This is much different than Craig v. Boren, where when the law was enforced against the beer vendors, as a result, the 18 to 20-year-old males could not access beer. And that was the equal protection violation in and of itself, denial of access to that product based on sex. Here, the denial of access to the bail fund's product, free cash bail, implicates no constitutional rights, particularly the right that they're asserting here of an unconstitutional condition on bail. And so given that, this case is Kowalski. This is not one of those direct regulation cases. We disagree that that's a carve-out and a quite forgiving standard, but it's not that. And so they can't rely on hypothetical relationships. The attorney-client relationship in a hypothetical relationship is, if anything, a closer, more intimate relationship than the hypothetical surety criminal-defendant relationship. So they cannot use that to establish a close relationship. And that's exactly what the Tenth Circuit held in Collins and the Third Circuit held in Holland. And this is also like Kowalski on hindrance, because the criminal defendants, their circumstances when they have incentive, like the circumstance that Judge Jordan laid out, where they could say, this law is preventing me from getting the bail fund or a family member from bonding me out. And that means I am injured, and I want to bring a challenge. And all the hindrances that the bail fund has laid out are completely speculative. Bail challenges are brought every day in Florida State Court. Why is it more of a hindrance than Craig DeBorn? Which aspect, Your Honor? The hindrance. Any 18, 19-year-old could have brought a lawsuit if they really wanted to drink their 3% beer. So in that case, their claims, they had to go to federal court in that case, Your Honor. They have to go to state court here. Well, they're in state court. They can bring that challenge live when they're going through the bond process. The 18- to 20-year-olds would have to file a federal action if every federal case takes more than two years. So everyone's going to age out. That kind of bar is not existent here. And I also just disagree that Craig DeBorn addressed hindrance. I think Powers and Kowalski reined in third-party standing and said, we're serious about hindrance and close relationship. And there's no kind of hindrance here. This is the standard way criminal defendants challenge bail. And so if the court says, well, no, a third party can bring bail challenges in federal court under 1983 and take that out of the court system, that's the exact problem in Kowalski. If Florida, new hypothetical, if Florida decided that nobody other than bail bond agents, no other third parties could put up a cash bond for a defendant, could those third parties mount the challenge to the statute? Statute reads, no relative of a person charged with an offense shall be allowed to put up a cash bond for the defendant. I think the criminal defendant would have to bring a bail challenge in state court. Because I don't think that the family member would have third-party standing to go and bring a 1983 action, because the criminal defendants have no hindrance to saying, that law is stopping me from getting bonded out. I think it's unconstitutional. And I want the trial court to decide it and go up onto the DCAs and the Florida Supreme Court. Do you agree that the hindrance is limited to the scenario that I posited? But does it exist in a scenario where bond's already been posted? I don't think that there's a hindrance when bond has been posted. What interest does the defendant have in making himself pay money that the fund would otherwise have to fork over? Well, I think I'm going to be fighting your hypo a little bit. But I think that if the bail fund said, we're going to put this money up for you, but bring a challenge, but the bail fund never really does bring a challenge. Because the public defender tells them, hey, listen, you're going to get hit with $500 in fees and costs and fines. But right now, given the statute, the bail fund's going to fork that money over. I think I can get the judge to give you probation. But we really don't want to get the judge upset. So let's not challenge the statute on constitutional grounds. Let's just be quiet. Not if the bail fund has made this part of the surety agreement, for instance. But I don't think there's a hindrance for the criminal defendant to challenge the statute in his or her own case. I don't think there's a hindrance. He can do it. I think you and I have a very different view of the self-interest of criminal defendants. What about this situation, Your Honor, because this statute applies to criminal defendants, where a criminal defendant posts bond for himself, and he thinks, I'd rather get my money back at the end of the case, rather than having it go towards my unpaid fines. I'll let the clerk come after me. No, of course he's got an incentive there, because it's his money. And I think that's his money, but in the other case, it's not his money. But I think the part of paying your obligations, that you have to pay them yourself. I think this whole debate shows why you can't. By the way, that also lets you vote in Florida, if you ever get your obligation set aside. So it has double benefits. And I think that cuts in our favor. One, I think this whole debate shows that relying on this hypothetical relationship is fraught, because there's all these different interests different criminal defendants might have in different circumstances. And that's part of the problem here, is we're going to say, this court should wade in onto this weighty constitutional question, when we're having to hypothesize about defendants' interests. And also, as Judge Corrigan pointed out, there's not an alignment of interests here. Because some criminal defendants might think, I'd rather have a lesser chance of the bail for and bailing me out. But when they do, my fines get covered, I get to vote, and my license doesn't get suspended. I mean, not having your license suspended is a huge benefit and important thing for these criminal defendants. And so there's not an alignment of interest, even for the future defendants. So I think close relationship, they fail. And hindrance, they fail, because this is Kowalski. All right. Thank you both very much. Thank you, Your Honors. Sorry. Come on up. Thank you. Case number three, by the way, is number 24-12482, Great Bowery versus Consequence Sound.